Dorothy Stevens **CLINTON**, as Administratrix of the Estate of William Isaac Stevens, Deceased, Plaintiff,

v.

**INGRAM CORPORATION**, Greenville Marine Service, Inc. and Security Barge Lines, Inc., Defendants.

No. GC 704.

United States District Court, N. D. Mississippi, Greenville Division.

May 6, 1970.

540

James L. Robertson, of Campbell, De-Long, Keady & Robertson, Greenville, Miss., for plaintiff.

Nigel E. Rafferty, of Monroe & Le-mann, New Orleans, La., Philip Mansour, Martin Kilpatrick, Greenville, Miss., for defendant Ingram Corporation.

Frank S. Thackston, Jr., of Lake, Tindall & Hunger, Greenville, Miss., Wilder Lucas, M i c h a e l D. O'Keefe, Joseph A. Murphy, St. Louis, Mo., John B. Garbutt, Cincinnati, Ohio, for defend-ants Greenville Marine Service, Inc., Security Towing Co., Inc. and Security Barge Lines, Inc.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the Court on motion to dismiss the amended complaint filed by defendant, Ingram Corporation.

Plaintiff, as the mother and only liv-ing parent of William Isaac Stevens, a seaman, brought this action for damages for his alleged wrongful death against four defendants, Ingram Corporation, Greenville Marine Service, Inc., Security Towing Co., Inc., and Security Barge Line.

The defendant Security Towing Com-pany filed a motion to dismiss, or in the alternative for a summary judgment, asserting that it did not have any control over, connection with, or ownership in either the M/V WASHINGTON, or the M/V CAL WHITE, the two vessels in-volved in the incident giving rise to this action.

Defendant Ingram Corporation filed a motion to dismiss asserting that the Jones Act[1] constitutes the sole remedy for the alleged wrongful death of said decedent, and that the right of action created by the Act could not be main-tained by anyone, except the administra-tor of the estate of the decedent.

The complaint sought damages on be-half of a dependent brother and Ingram also moved to dismiss that portion of the complaint seeking such damages, con-tending that such were not recoverable under the Act.

Subsequent to the filing of the motions to dismiss mentioned above, the Court permitted plaintiff to file an amended complaint.

The amended complaint has been filed by plaintiff, as administratrix of the es-tate of said decedent. The amended complaint names Ingram, Greenville Mar-ine Service, Inc., and Security Barge Lines, Inc., defendants thereto. Security Towing Company, Inc., was dropped as a party to the action when the amended complaint was filed.

Under the circumstances the motion of Security Towing Company, Inc. becomes moot, as does Ingram's motion to dismiss because of lack of standing of plaintiff to bring the action.

Plaintiff alleges that the decedent, at the time of his death, was employed by Ingram and assigned to work aboard the M/V CAL WHITE and her tow while plying navigable waters of the United States, the Mississippi River; that on or about December 6, 1969, while per-forming his duties on the M/V CAL WHITE, the decedent fell overboard into the river and was drowned; and that the incident occurred near Osceola, Ar-kansas.

Plaintiff further alleges in the com-plaint that at or about the time decedent fell from the tow into the river, the M/V WASHINGTON, owned and operat-ed by defendants Greenville and Securi-ty, was located several miles down-stream; that the M/V WASHINGTON was requested by the M/V CAL WHITE to search the river for decedent; that the M/V WASHINGTON sighted the deceased in the water, still alive and signaling for help, but failed to rescue him.

Plaintiff sued Ingram on three counts. The first count was bottomed on the Jones Act and demands judgment for $110,000.00. The second count asserts liability pursuant to General Maritime Law and the doctrine of unseaworthi-

1. 46 U.S.C.A. § 688 (1958).

ness, and demands judgment in the sum of $260,000.00. The third count invokes the provisions of the Wrongful Death Statutes of the State of Arkansas and/or the State of Tennessee, and the judgment demand is $260,000.00.

The plaintiff demands judgment against the other defendants, Greenville and Security, jointly and severally, for the sum of $260,000.00, and the demand is bottomed on General Maritime Law, the doctrine of unseaworthiness, and the Wrongful Death Statutes of the State of Arkansas and/or Tennessee.

Ingram's motion to dismiss the amended complaint is based on the grounds which follow.

■ Ingram asserts that it can have no obligation to plaintiff based on the doctrine of unseaworthiness, or the Wrongful Death Statute of either the State of Arkansas or the State of Tennessee. Ingram's position is that the sole remedy against an employer for the death of a seaman employed on inland waterways in the United States is for negligence under the Jones Act and there is no right of action for unseaworthiness, or for damages under any wrongful death statute of any state in the nation.

The Court holds that the Jones Act provides the sole and only remedy for plaintiff against defendant Ingram. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199, 204, 205 (1964); Petition of United States, 3 Cir. 1966, 367 F.2d 505, 512. Counsel for plaintiff admits in his brief that under the present state of law the Jones Act furnishes the exclusive remedy for his client. Counsel insists, however, that the rule of law making the Jones Act the sole remedy in cases such as the one sub judice "Produces 'a harsh and incongruous result' which should not be permitted to remain in the body of the law that deals with remedies of seamen and their beneficiaries." Br. p 9. Counsel sees a dim ray of hope piercing through an otherwise dark cloud in the action of the United States Supreme Court in the case of Moragne v. State Marine Lines, Inc., cert. granted, 396 U.S. 900, 90 S.Ct. 212, 24 L.Ed.2d 176 (1969), and particularly orders entered at 396 U.S. 952, 90 S.Ct. 423, 24 L.Ed.2d 418 (1969) and 396 U.S. 1034, 90 S.Ct. 678, 24 L.Ed.2d 679 (1970), wherein the Court agreed to review the question of remedies which should be available to the survivors of a deceased seaman.

This Court, however, prefers to follow the law as it now exists rather than to try to determine what the Supreme Court of the United States will say that it is at some future date. Under the circumstances the Court adopts the general and well recognized rule that in cases such as the one involved in the case sub judice the only remedy of the survivors of a deceased seaman is the one which is afforded by the Jones Act.

■ Ingram also asserts that the mother is the only beneficiary of the right of action created by the Jones Act, and that the dependent brother is a stranger to the action. Gillespie, supra, also settles this issue. Ingram's position is well taken.

In sum, the Court holds that the sole remedy in the case sub judice is under the Jones Act, and plaintiff cannot recover against Ingram on the doctrine of unseaworthiness, or by virtue of the Wrongful Death Statute of either State of Arkansas or the State of Tennessee. The Court further holds that the mother of the deceased is the only beneficiary entitled to assert the claim against the defendant in this suit.

Accordingly, an order will be entered dismissing the portions of plaintiff's complaint against defendant Ingram on the doctrine of unseaworthiness, and on the Wrongful Death Statute either of the State of Arkansas or the State of Tennessee. The order will provide for the elimination from the complaint, insofar as Ingram is concerned, of the allegations seeking damages on behalf or on account of the brother of the deceased, and compensation for the reasonable economic value of the life of the deceased.

**542**

## ORDER

In accordance with the opinion this day released herein, it is

Ordered:

That as against defendant Ingram Corporation all allegations contained in the amended complaint which have reference to:

a) Any cause of action asserted on behalf of the brother of the deceased, William Isaac Stevens,

b) Any cause of action asserted against the defendant bottomed upon the wrongful death statute of either the State of Tennessee or the State of Arkansas,

c) Any cause of action based upon the doctrine of unseaworthiness, and

d) All claims by plaintiff for recovery of the economic value of the life of the said deceased, shall be and the same hereby are stricken therefrom.

It is further ordered:

That the action shall be and the same hereby is dismissed as to Security Towing Co., Inc.